UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

SHIRLEY HINKLE,                )
                               )
    Plaintiff,                 )
                               )
vs.                            )    Civil Action No. CV-13-S-123-NE
                               )
AMTEC CORPORATION,             )
                               )
    Defendant.                 )

## MEMORANDUM OPINION AND ORDER

This case is before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted.[1]  Plaintiff, Shirley Hinkle, asserts two claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA").  She claims that defendant discriminated against her on the basis of age by terminating her employment, and by subsequently refusing to rehire her.[2]  Defendant, AMTEC Corporation, argues that plaintiff's termination claim should be dismissed because plaintiff failed to exhaust administrative remedies.[3]  Upon consideration of the parties' arguments, the motion will be granted.

### I. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a

---

[1] Doc. no. 6 (Motion to Dismiss).

[2] Doc. no. 1 (Complaint) ¶¶ 7, 17-19.

[3] Doc. no. 6 (Motion to Dismiss), at 1-3.

complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp.*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Iqbal*, 556 U.S. at 678 (alteration supplied). Moreover, a court need not accept a complaint's legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

As always is the case in the context of ruling upon a motion to dismiss, the district court is required to assume that

> the facts set forth in the plaintiff's complaint are true. *See Anza* [*v. Ideal*

*Steel Supply Corp.*], 547 U.S. 451, [453,] 126 S. Ct.[1991,] 1994 [(2006)] (stating that on a motion to dismiss, the court must "accept as true the factual allegations in the amended complaint"); *Marsh v. Butler County*, 268 F.3d 1014, 1023 (11th Cir. 2001) (*en banc*) (setting forth the facts in the case by "[a]ccepting all well-pleaded factual allegations (with reasonable inferences drawn favorably to Plaintiffs) in the complaint as true").  Because we must accept the allegations of plaintiff's complaint as true, what we set out in this opinion as "the facts" for Rule 12(b)(6) purposes may not be the actual facts.

*Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1281 n.1 (11th Cir. 2006) (alterations supplied).

## II. FACTS AS ALLEGED

Defendant hired plaintiff on July 3, 1995, as a Human Resources ("HR") Specialist.[4]  At the time of her termination in 2011, plaintiff was the company's HR Manager.[5]   Scott Albritton became defendant's Director of Finance and Administration in 2002.[6]  Albritton subsequently hired Ron Haralson to help oversee the HR Office.[7]  Albritton and Haralson were engineers and had little experience in human resources, so plaintiff provided initial training to both of them.[8]

At some undisclosed time, Albritton questioned plaintiff about how long she

---

[4] Doc. no. 1 (Complaint) ¶ 8.
[5] *Id.* ¶ 14.
[6] *Id.* ¶ 9.
[7] *Id.* ¶ 11.
[8] *Id.* ¶¶ 10-11.

3

intended to remain at AMTEC.[9] He suggested that, given her age, plaintiff might want to spend more time with her family.[10] Shortly thereafter, Haralson also inquired how long plaintiff planned to remain with the company, as did the company's "Benefits Broker."[11]

Defendant's HR Office employed plaintiff and one other person, Danelle Duskin.[12] Plaintiff and Duskin repeatedly asked that their department be given better technology, but Albritton rejected their requests.[13] Duskin resigned on August 15, 2008.[14] Plaintiff assumed Duskin's duties for approximately two months, until October 27, 2008, when defendant hired Tina Nave as Duskin's replacement.[15]

As HR Manager, plaintiff usually participated in the hiring process.[16] However, defendant excluded plaintiff from any involvement with the hiring of Tina Nave.[17] Moreover, Nave received new software and equipment when she began her employment with defendant.[18] Nave, Albritton, and Haralson received training on the

---

[9] *Id.* ¶ 12.
[10] Doc. no. 1 (Complaint) ¶ 12.
[11] *Id.*
[12] *Id.* ¶ 14.
[13] *Id.*
[14] *Id.*
[15] *Id.* ¶¶ 14-15.
[16] Doc. no. 1 (Complaint) ¶ 15.
[17] *Id.*
[18] *Id.* ¶ 16.

new software, but plaintiff did not.[19] Nevertheless, plaintiff was expected to perform Nave's duties when she was absent on medical leave.[20]

Albritton notified plaintiff on June 9, 2011, that she was being laid off.[21] Plaintiff possessed some unused vacation leave, and defendant permitted her to work until July 1, 2011.[22] Nave, who was younger than plaintiff, remained as an employee in the HR Office.[23] Defendant informed plaintiff when she was laid off that she would be eligible to be rehired if a future need in the HR Office arose.[24] In March of 2012, plaintiff noticed that her former position was vacant.[25] She applied for the position, but never received a response from defendant.[26] Defendant ultimately hired a younger female to fill the opening.[27]

Plaintiff completed a charge of discrimination on July 9, 2012, which the EEOC received on July 13, 2012.[28] It noted that the earliest date of discrimination

---

[19] *Id.*
[20] *Id.*
[21] *Id.* ¶ 8.
[22] Doc. no. 1 (Complaint) ¶ 8.
[23] *Id.* ¶ 17.
[24] *Id.* ¶ 18.
[25] *Id.* ¶ 19.
[26] *Id.*
[27] *Id.*
[28] Doc. no. 10 (Ex. 1, EEOC Charge of Discrimination), at 1.

took place on March 1, 2012, and the latest date took place on June 26, 2012.[29]  The EEOC issued a Dismissal and Notice of Right to Sue on October 23, 2012.[30]  Plaintiff filed her complaint in this case on January 18, 2013.[31]

### III.  DISCUSSION

Defendant moves to dismiss plaintiff's age discrimination claim related to her layoff for failure to exhaust her administrative remedies.[32]  "The ADEA requires that an individual exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit."  *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004).

> The period in which a person must file a complaint with the EEOC depends on whether a state is a "deferral state" under the ADEA. Deferral states are those that have a state agency equivalent to the EEOC. *See* 29 U.S.C. §§ 626(d), 633 (1999); *see also American Airlines, Inc. v. Cardoza-Rodriguez*, 133 F.3d 111 (1st Cir. 1998); *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 878 (5th Cir. 1991). In these states, a person must file an age discrimination claim with the EEOC within 300 days after the alleged unlawful practice occurred. 29 U.S.C. § 626(d)(2).  In states without a state equivalent to the EEOC, the ADEA requires a charge to be filed within 180 days. 29 U.S.C. § 626(d)(1).  Alabama has a state discrimination statute, the AADEA, but does not have an EEOC equivalent.  Thus, the Court examines the timeliness of [plaintiff's] ADEA claim in the context of the 180-day rule.

---

[29] *Id.*

[30] Doc. no. 1 (Complaint) ¶ 3.

[31] *See generally id.*

[32] Doc. no. 6 (Motion to Dismiss), at 1.

*Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1263 (11th Cir. 2003) (alteration supplied); *see also Schweers v. Montgomery Public Schools*, 511 F. Supp. 2d 1128, 1135 (M.D. Ala. 2007). Plaintiff received notice of her layoff on June 9, 2011,[33] over a year before she submitted her EEOC charge on July 9, 2012, and eight months before the date alleged in her EEOC charge as the onset date of discrimination. Thus, plaintiff did not exhaust her administrative remedies relating to her termination claim, because she did not file her EEOC charge within 180 days of being laid off. *See* 29 U.S.C. § 626(d)(1)(A).

Plaintiff offers only two pages of argument why her termination claim should survive. She asserts that the doctrine of equitable tolling should apply to excuse her failure to file an EEOC charge within 180 days of her termination. She notes that "equitable tolling is appropriate in situations where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her." *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1155 (11th Cir. 2005).

"Equitable tolling is an extraordinary remedy which should be extended only sparingly." *Bost*, 372 F.3d at 1242. It is appropriate only when a plaintiff "untimely

---

[33] A "final decision to terminate, rather than actual termination, constitutes the alleged unlawful practice that triggers the filing period. Thus, the 180-day period is counted from the date the employee receives *notice* of termination." *Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1201 (11th Cir. 2003) (internal quotations omitted) (emphasis in original).

files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The burden is on plaintiff to show that equitable tolling is warranted. *See Bost*, 372 F.3d at 1242. Plaintiff relies on the fact that she "was told she would be eligible for rehire if there was an opening [for her former position]. In fact, there was an opening and she applied [in March of 2012] but was not hired. Instead, a younger female was hired."[34]

Plaintiff has not carried her heavy burden of showing that those facts are sufficiently extraordinary so as to justify the rare remedy of equitable tolling. Plaintiff knew when she was laid off that a younger employee was assuming her duties.[35] She was also aware of her supervisors' prior comments regarding her age.[36] Having received "unequivocal communication of the adverse employment decision," the 180-day period began to run, and plaintiff let it expire without filing a charge of discrimination. *Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1202 (11th Cir. 2003). This court must be "mindful that 'procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'" *Wakfield v. Cordis Corp.*, 211 F.

---

[34] Doc. no. 8 (Response to Motion to Dismiss), at 2 (alterations supplied).

[35] Doc. no. 1 (Complaint) ¶ 17.

[36] *Id.* ¶ 12.

App'x 834, 837 (11th Cir. 2006) (*per curiam*) (quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). Accordingly, equitable tolling does not apply in this case.

## IV.  CONCLUSION

For all of the reasons stated above, the court GRANTS defendant's motion to dismiss. Plaintiff's termination claim is DISMISSED with prejudice. Plaintiff's failure to rehire claim remains pending.

DONE and ORDERED this 19th day of March, 2013.

_____
United States District Judge